UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Leland Bryant,

        Plaintiff

  v.

Halverd, et al.,

        Defendants

Case No. 2:23-cv-01392-CDS-BNW

**Order Dismissing And Closing Case**

      Plaintiff Leland Bryant brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Desert Correction Center. ECF No. 8. The case was referred to the Court's Inmate Early Mediation Program and set for a mediation conference on September 6. ECF Nos. 7, 11. However, Bryant, who is no longer incarcerated, failed to provide the required information, and attempts to reach him were unsuccessful. ECF No. 14. The Court issued an order to show cause, requiring Bryant to show cause by October 11, 2024, as to why he should not face sanctions, including potentially dismissal, for his failure to participate in the mediation process. ECF No. 15. That deadline expired, and Bryant did not file any response or move for an extension.

I.      Discussion

      District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Bryant's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). This action cannot realistically proceed without Bryant's active participation. Bryant did not submit the information necessary for him to participate in the mediation process, and he failed to respond to the Court's order to show cause. The only alternative to dismissal is to enter a second order giving Bryant another opportunity to explain his failure to actively participate in this case. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Bryant needs

additional time or evidence that he did not receive the Court's orders. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.     Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Bryant's failure to participate in the mediation process and his failure to respond to the Court's September 26, 2024, order to show cause. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Bryant wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Bryant's application to proceed *in forma pauperis* **[ECF No. 1] is denied as moot**.

Dated: October 21, 2024

_____
Cristina D. Silva
United States District Judge